IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox, #75206, ) | C/A No.: 3:13-1216-TMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Gov. Jim Hunt, NC; United States, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This matter is before the court on a *pro se* civil rights complaint.[1]  Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.  ECF No. 2.  However, Plaintiff's request to proceed *in forma pauperis* should be denied and Plaintiff's complaint should be dismissed without prejudice if he fails to timely pay the filing fee, because Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act.  The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This "three strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee.  *See Blakely v. Wards*, 701 F.3d 995, 1001 (4th Cir. 2012) ("The impetus behind the enactment of the PLRA was a concern about the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

'endless floor of frivolous litigation' brought by inmates.") (quoting *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009)). To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee.[2] A prisoner may also avoid application of § 1915(g) and proceed *in forma pauperis* if his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres v. O'Quinn*, 612 F.3d 237, 246 (4th Cir. 2010).

Plaintiff is incarcerated at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). The instant complaint claims that the "three (3) strikes law" does not apply to this case because "the law Plaintiff is challenging came into effect before 1996 when the three (3) strike law came into effect." ECF No. 1 at 3. Plaintiff further alleges that Governor Hunt "cannot make a federal law, he is a state Gov.," thus, he cannot "stop inmates across the U.S. from receiving a Pell Grant for going to school in prison." *Id.* at 3–4. Plaintiff seeks monetary damages and "to have the Pell Grant Law Gov. Hunt to be found unconstitutional and removed from the books." *Id.* at 5.

A court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Therefore, it can be judicially noticed that Plaintiff has filed three prior cases in this court, which have been dismissed with prejudice, as frivolous, and deemed "strikes" under § 1915(g). *See Cox v. U.S. Att'y Gen., et al.*, C/A No. 3:12-591-TMC, 2012 WL 1570093 (D.S.C. May 3, 2012); *Cox v. S.C. Dep't of Corr. Dir. Jon E. Ozmint, et al.*, C/A No. 3:12-225-TMC, 2012 WL 1415149 (D.S.C. April 24, 2012); *Cox v. United States*, C/A

---

[2] All civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

No. 3:12-50-TMC, 2012 WL 1158861 (D.S.C. April 9, 2012). Plaintiff also has three additional cases which were deemed strikes in 1997, prior to the Fourth Circuit's opinion in *McLean v. United States of America*, 566 F.3d at 395 (4th Cir. 2009) (holding that dismissal without prejudice for failure to state a claim does not count as a strike under 28 U.S.C. § 1915(g)).[3] In light of Plaintiff's recently issued "strikes," he cannot proceed with the instant complaint unless his claim satisfies the exception for imminent physical harm provided by the "three strikes" rule. *See* 28 U.S.C. § 1915(g); *Torres*, 612 F.3d at 246. This complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this complaint, Plaintiff must pay the full filing fee.

In addition, it is noted that the complaint would be subject to summary dismissal even if Plaintiff's claims were not barred by the "three strikes" rule, because the Defendants are immune from suit under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[4] First, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Global Mail Ltd. v. U.S. Postal Serv.*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress

---

[3] *See Cox v. Geraldine P. Miro, et al.*, C/A No. 3:97-3501-CES (D.S.C. Nov. 25, 1997); *Cox v. Geraldine P. Miro*, C/A No. 3:97-2177-CES (D.S.C. Sept. 10, 1997); *Cox v. Geraldine P. Miro, et al.*, C/A No. 3:97-1941-CES (D.S.C. Sept. 10, 1997).

[4] Plaintiff's claims against the United States are evaluated under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814–20 n. 30 (1982).

waives that immunity and consents to suit). "Because the United States has not waived sovereign immunity in suits claiming constitutional torts," Defendant United States is protected from any claim Plaintiff may be asserting pursuant to *Bivens*. *Reinbold v. Evers,* 187 F.3d 348, 355 n.7 (4th Cir. 1999). Second, Plaintiff names Defendant Hunt for legislative actions taken as Governor of North Carolina. ECF No. 1 at 3. However, the United States Supreme Court has held that "state and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 48–49 (1998); *see also Tenney v. Brandhove*, 341 U.S. 367, 372–75 (1951); *Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 300–01 (4th Cir. 1995) (recognizing long tradition of granting legislators at all levels of government a broad immunity from suits based upon legitimate legislative activity). Such legislative immunity applies to claims for declaratory and injunctive relief, as well as claims for damages. *Supreme Court of Virginia v. Consumers Union of the U.S., Inc.,* 446 U.S. 719, 732–33 (1980). Additionally, Governor Hunt is entitled to qualified good-faith immunity for discretionary acts performed in the course of his official conduct. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Therefore, Plaintiff's claims against Governor Jim Hunt are also subject to summary dismissal.

## Recommendation

It is recommended that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be **denied**. It is further recommended that Plaintiff be given twenty-one (21) days from the date the District Judge rules on this Report to pay the filing fee ($350),[5] and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

---

[5] As of May 1, 2012, the cost for filing a case is $400 (a $350.00 filing fee, and an additional $50.00 administrative fee set by t5he Judicial Conference). It is noted that Plaintiff submitted his complaint to the Perry Correctional Institution mail room on April 29, 2013. ECF No. 1-1 at 1.

If Plaintiff fails to timely pay the filing fee, it is further recommended that the complaint be dismissed *without prejudice* under the "three strikes" rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the twenty-one day period permitted for payment of the filing fee.  Plaintiff's attention is directed to the important Notice on the next page.

IT IS SO RECOMMENDED.

May 31, 2013                                                                    Joseph R. McCrorey
Columbia, South Carolina                                            United States Magistrate Judge

---

Thus, the additional $50 administrative fee would not apply to this case.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).